## STAHL v WOODMAN

Ohio Appeals, 6th Dist, Lucas Co

No 2144, Decided Jan 24, 1929

Wm H McLellan, Toledo, for Stahl.
Deeds & Cole, Toledo, for Woodman.

RICHARDS, J

This court held when the case was first here, that a line or rein being used to guide a horse is a simple tool or appliance, and hence specifically excepted from the Norris Act, Sec. 6245, G. C., and reached the conclusion that the petition did not state a good cause of action. The pleadings were not amended after the case was returned to the trial court.

It is urged that under the decision in New York Central R. R. Co. vs. Lukanc, rendered by the Court of Appeals in Cuyahoga County, Law Bulletin, September 24, 1928, the petition states a good cause of action. We are entirely in accord with the decision reached in the above cited case. The defects on which reliance was placed in that case are recited in the opinion of the court, by Vickery, J, as follows:

"The block slipped out of place because perhaps, of the unevenness of the floor as he alleges, and he alleges there were holes or uneven places in the floor and that the floor was covered with grease and that the block was greasy and that it slipped and threw him to the floor."

This describes a greasy, uneven floor which is a defect in the "ways" and "plant" of the company and caused the block to tilt, resulting in injury to plaintiff, and is embraced within the section above cited, and brought the case clearly within that statute, while the case at bar, being that of a "simple tool" is expressly excluded from the benefits of the act.

We reach this conclusion without giving consideration to the suggestion that the previous decision made by this court became the law of the case.

Williams and Lloyd, JJ, concur.